779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CHARLES H. KERKMAN, Defendant-Appellant.
 85-1141
 United States Court of Appeals, Sixth Circuit.
 10/18/85
 
 AFFIRMED
 W.D.Mich.
 On Appeal from the United States District Court for the Western District of Michigan
 Before: ENGEL and KEITH, Circuit Judges; and WISEMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Petitioner Charles H. Kerkman appeals from the order of the United States District Court for the Western District of Michigan, denying his motion to dismiss on grounds of double jeopardy in the criminal action brought against him.
 
 
 2
 Kerkman and Robert D. Fischl were jointly indicted on January 30, 1984 for various offenses including mail fraud, wire fraud, conspiracies, interstate transportation of property taken by fraud, and aiding and assisting in the preparation of a fraudulent tax return.
 
 
 3
 A joint trial commenced on August 20, 1984. The court denied Fischl's pretrial motion for severance. After the government rested, Fischl declined to present any evidence and rested his case. The court instructed the jury that the case against Fischl was closed. Kerkman then took the stand and began to testify on his own behalf. The government requested that the jury be allowed to consider Kerkman's testimony in deciding Fischl's case. On September 18, following approximately one hour of Kerkman's testimony, the court granted severance and prepared to submit the case against Fischl to the jury for immediate decision. Kerkman made no immediate objection to the severance, but soon after moved for mistrial because of the prejudicial effect of the jury's deliberation on Fischl. The court denied Kerkman's motion for mistrial. The jury found Fischl guilty on six counts of the indictment, five of which also named Kerkman.
 
 
 4
 On September 26, Kerkman filed a written motion to dismiss which the court heard on October 2. At the hearing the court and the parties agreed that the jury had been tainted, but the court denied Kerkman's motion to dismiss. Neither party would then willingly move for a mistrial for fear of adversely affecting his prospects on appeal. Consequently, the court declared a mistrial sua sponte on grounds of manifest necessity.
 
 
 5
 On October 3, 1984, the government filed notice of its intent to retry Kerkman. Kerkman moved on November 2 to dismiss on double jeopardy grounds. The court denied Kerkman's motion on December 18.
 
 
 6
 On appeal, Kerkman contends generally that he was deprived of his right to fairly complete the first trial and that the double jeopardy clause therefore prohibits a second trial. More specifically, he contends that the order severing the trial was tantamount to a declaration of mistrial, and if this is so that the severance was not manifestly necessary.
 
 
 7
 While the circumstances which gave rise to the ultimate decision to carry a mistrial are indeed regrettable and cannot fairly be said to have arisen because of any fault of defendant or his counsel, the court, upon a careful consideration of the record as a whole, is satisfied that the trial court's declaration of a mistrial was occasioned by the kind of manifest necessity which has been held to preclude the appellant's claim that his retrial violated constitutional principles of double jeopardy. United States v. Wilson, 534 F.2d 76 (6th Cir. 1976).
 
 
 8
 The court recognizes that appellant's counsel was not faced with a happy choice when the court and counsel mutually discovered that the premature submission of co-defendant Fischl's case to the jury had irretrievably prejudiced Kerkman's own right to a fair trial. However, the colloquy upon the record between the court and defense counsel left no doubt that the latter had expressed a preference to renew his previous motion for a mistrial if the court were to deny his motion to dismiss and compel him then to proceed with the trial before the original jury. Clearly, the decision to submit Fischl's case to the jury was error, there was a total absence of any bad faith or intent to harass or prejudice Kerkman. Under such unusual circumstances the declaration of a mistrial as to Kerkman and the decision to retry him do not violate his constitutional rights not to be put twice into jeopardy. United States v. Dinitz, 424 U.S. 600 (1976).
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation